UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEVEN FEELEY, | ) |
| | ) |
| Plaintiff[1] | ) |
| | ) |
| v. | ) No. 2:23-cv-00322-JDL |
| | ) |
| BRADLEY HOKAMSON et al., | ) |
| | ) |
| Defendants | ) |

## RECOMMENDED DISMISSAL

Steven Feeley filed a pro se complaint alleging various violations of his civil rights by two police officers. *See* ECF No. 1. The Court granted Feeley's request to proceed *in forma pauperis*, *see* ECF No. 4, and, on August 29, 2023, I entered the following order:

> ORDER. Because the Court granted the Plaintiff's request to proceed *in forma pauperis*, *see* ECF No. 4, his complaint is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B). The Plaintiff attached a copy of a criminal summons to his complaint that is not fully legible. *See* ECF No. 1-1 at 3. Because the summons appears to be critical to understanding the claim(s) that the Plaintiff is attempting to assert, he is hereby ORDERED to file a fully legible copy of the summons by September 12, 2023, failing which his case may be subject to dismissal.

ECF No. 5. The Clerk's Office mailed a copy of my order to Feeley, but he did not file a legible copy of the summons by the deadline nor has he done so since then.

---

[1] Feeley also purports to bring this lawsuit on behalf of an individual named Steven Feeley Jr. (presumably his son). *See* ECF No. 1. But because Feeley is not an attorney, he cannot bring claims on behalf of his child. *See, e.g.*, *Pineda v. Dep't of Child. & Fams.*, No. 16-12229-WGY, 2016 WL 6661143, at *2 & n.2 (D. Mass. Nov. 9, 2019) ("In a civil rights action, parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." (cleaned up)).

1

Feeley's failure to comply with my order justifies the dismissal of his complaint without prejudice. *See, e.g.*, *Lazore v. Harrigan*, No. 1:21-cv-00239-GZS, 2021 WL 4761985, at *1-2 (D. Me. Oct. 11, 2021) (rec. dec.) (dismissing a pro se plaintiff's complaint without prejudice after she failed to comply with the Court's order), *aff'd*, 2021 WL 5182663 (D. Me. Nov. 8, 2021); *see also Diaz-Santos v. Dep't of Educ.*, 108 F. App'x 638, 640 (1st Cir. 2004) ("A district court's inherent powers to sanction parties for litigation abuses include the power to act *sua sponte* to dismiss a suit for failure to prosecute."). Feeley's status as an unrepresented litigant does not excuse his failure to comply with my order. *See Elwell v. South Portland Police*, No. 2:21-cv-00160-LEW, 2021 WL 5066106, at *1 (D. Me. Oct. 31, 2021) (rec. dec.) ("While pro se litigants are accorded a certain degree of latitude, a party's pro se status does not excuse him from complying with this Court's orders . . . ." (cleaned up)), *aff'd*, ECF No. 9 (D. Me. Dec. 10, 2021).

Accordingly, I recommend that the Court **DISMISS** Feeley's complaint without prejudice.

## NOTICE

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: September 19, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge